No. 24-5935

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

JOHN BOSHEARS,

*Plaintiff-Appellee*,

v.

PEOPLECONNECT, INC.,

*Defendant-Appellant*.

On Appeal from the United States District Court for the
Western District of Washington, Seattle
No. 2:21-cv-01222
Hon. Marsha J. Pechman, Senior District Judge

_____

**UNOPPOSED MOTION TO STAY APPELLATE
PROCEEDINGS PENDING APPEAL**

_____

Raina C. Borrelli
Samuel J. Strauss
Brittany Resch
STRAUSS BORRELLI PLLC
980 N Michigan Ave., Suite 1610
Chicago, IL 60611
Telephone: 872 263-1100
raina@straussborrelli.com
sam@straussborrelli.com
bresch@straussborrelli.com

Benjamin R. Osborn
LAW OFFICE OF BENJAMIN R. OSBORN
102 Bergen Street
Brooklyn, NY 11201
Telephone: 347 645-0464
ben@benosbornlaw.com

Marie N. Appel
Michael F. Ram
MORGAN & MORGAN COMPLEX LITIGATION GROUP
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Telephone: 415 358-7155
mappel@forthepeople.com
mram@forthepeople.com

*Attorneys for Plaintiff-Appellee*

Plaintiff-Appellee John Boshears respectfully moves the Court for a stay of this appeal pending this Court's resolution of the separate pending appeal in *Nolen v. PeopleConnect, Inc,* 24-3894.

1. The Court should stay the instant appeal pending the resolution of the separate pending appeal in *Nolen* because doing so would promote judicial economy and would be in the best interest of the parties and the Court.

2. Courts have wide discretion to stay their proceedings. *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the dispositions of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also Levya v. Certified Grocers of Cal., Ltd.*, 593 F.3d 857, 863-64 (9th Cir. 1979); *Meier v. Allied Interstate LLC*, 20-55286, 2020 WL 8271641 at *1 (9th Cir. Aug. 11, 2020); *Daniel Azzopardi, et al v. Ellen Rosenblum, et al*, 23-35479 Dkt. 18 (9th Cir. Dec. 19, 2023); *Robert Miller v. 4Internet*, 22-16195 Dkt. 38 (9th Cir. Sept. 7, 2023) (granting motions to stay appellate proceedings).

3. This Court thus has noted and exercised its power to stay one appeal pending resolution of another appeal before it. *See Levya*, 593 F.3d at 863-64 (holding that a court may properly find it efficient for its docket and fair to the parties "to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule…does not require that the issues in such

1

proceedings are necessarily controlling of the action before the court."); *see, e.g., Meier,* 2020 WL 8271641 at *1 (granting motion to stay Ninth Circuit proceedings pending issuance of a decision in a separate case in the United States Supreme Court); *Azzopardi*, 23-35479 Dkt. 18 (granting motion to stay proceedings pending resolution of an independent appeal in the Ninth Circuit); *Miller*, 22-16195 Dkt. 38 (same).

4. In determining whether to grant a stay, the Court takes into account considerations of judicial efficiency and economy, the possible harm that could result from the granting of a stay, and the hardship or inequity that a party might suffer if a stay were not granted. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265-68 (9th Cir. 1962)). These factors all support the staying of this appeal.

5. First, staying this appeal pending the resolution of *Nolen* would be economical and efficient for both the Parties and the Court. Counsel for Plaintiff in this case also is counsel to the plaintiff in *Nolen*, and Defendant-Appellant PeopleConnect also is the defendant-appellant in *Nolen*. Both cases involve right of publicity claims brought in relation to PeopleConnect's website, Classmates.com, albeit under different state laws. Like Plaintiff here, the plaintiff in *Nolen* is pursuing her claims as a class action and the Court in *Nolen* is reviewing on appeal the district court's class certification order. So, although this Court's decision in *Nolen* will not

be dispositive of the merits of this case, Plaintiff believes that the *Nolen* decision may inform the viability of pursuing the claims here on a class basis and, in turn, the continued litigation and resolution of this case.

6. Second, neither party would be harmed if this appeal is stayed, as is clear from the fact that PeopleConnect has indicated it does not oppose this motion. What is more, *Nolen* is farther along in the appellate process than this case. On October 15, 2024, PeopleConnect filed its opening brief in *Nolen*. Plaintiff's response brief in *Nolen* is due to be filed on November 14, 2024. No briefs have been filed in this case yet; PeopleConnect's opening brief currently is due to be filed on December 19, 2024. That will obviate any concern that a stay entered in this appeal will result in a protracted delay in the resolution of this appeal. *See Leyva*, 593 F.2d at 863 (finding that stays may be appropriate when "it appears likely the other proceedings will be concluded within a reasonable time[.]").

7. Third, because Plaintiff believes that this Court's decision in *Nolen* may impact the continued litigation and resolution of this case, proceeding with this appeal rather than waiting to see how *Nolen* resolves could result in a duplicative and unnecessary expenditure of litigant resources.

8. This request is made in the interests of justice and judicial economy, and not for the purpose of delay.

9. Counsel for Plaintiff has met and conferred with counsel for PeopleConnect, who has confirmed that PeopleConnect does not oppose the relief sought by this Motion.

WHEREFORE, Plaintiff respectfully requests that the Court stay this appellate proceeding pending the resolution of the *Nolen* appeal.

Date: October 28, 2024

Respectfully submitted,

*/s/ Raina C. Borrelli*
Raina C. Borrelli
Samuel J. Strauss
Brittany Resch
STRAUSS BORRELLI PLLC
980 N Michigan Ave., Suite 1610
Chicago, IL 60611
Telephone: 872 263-1100
raina@straussborrelli.com
sam@straussborrelli.com
bresch@straussborrelli.com

Benjamin R. Osborn
LAW OFFICE OF BENJAMIN R. OSBORN
102 Bergen Street
Brooklyn, NY 11201
Telephone: 347 645-0464
ben@benosbornlaw.com

Marie N. Appel
Michael F. Ram
MORGAN & MORGAN COMPLEX LITIGATION GROUP
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Telephone: 415 358-7155
mappel@forthepeople.com
mram@forthepeople.com

*Attorneys for Plaintiff-Appellee*

4

## **CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that this motion complies with the type-volume limitation of Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure. This motion contains 792 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), according to the word-processing system used to prepare this motion. This document also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6). This motion is written in a proportionally-spaced typeface using Microsoft Word 365 in 14 point Times New Roman.

October 28, 2024                                               Respectfully submitted,

                                                                              */s/ Raina C. Borrelli*
                                                                              Raina C. Borrelli

                                                                              Attorney for Plaintiff-Appellee

## CERTIFICATE OF SERVICE

I hereby certify that I caused the **Unopposed Motion to Stay Appellate Proceedings** to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system on October 28, 2024.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

October 28, 2024                                   Respectfully submitted,

                                                   */s/ Raina C. Borrelli*
                                                   Raina C. Borrelli

                                                   Attorney for Plaintiff-Appellee